[Civ. No. 1708. First Appellate District.—April 27, 1916.]

## J. M. MORROW et al., Respondents, v. GEORGE E. WELLS, Appellant.

VENDOR AND PURCHASER—INSTALLMENT PAYMENTS—SECURITY OF PAYMENTS BY CROP MORTGAGE—APPLICATION OF PROCEEDS.—Where a contract to purchase land provides that the price shall be paid in specific amounts at specified times, the vendor is not warranted under the terms of a crop mortgage given by the vendees to secure the payments of such amounts, in applying the proceeds of the whole crop on such price, where it is shown that both instruments were made at the same time, but is limited in making such application by the terms of the contract.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

L. L. Cory, and Shepard & Shepard, for Appellants.

Everts & Ewing, and Gallaher & Aten, for Respondents.

LENNON, P. J.—This action was brought to recover the sum of $1,080, claimed to have been wrongfully withheld by defendant. Plaintiffs recovered judgment for the sum of $859.69, and this appeal is from such judgment.

The controversy arose out of the sale of certain lands situated in the county of Fresno, the facts being substantially as follows: On the fourth day of March, 1912, the defendant, George E. Wells, entered into a written contract to sell to plaintiffs the land in question. At that time one C. B. Darneal, a son-in-law of the vendor Wells, was in possession of the premises under a certain lease, by the terms of which Darneal had agreed to properly farm, cultivate, care for, and market the crop of fruit growing thereon for the year 1912, and was to receive for his services one-half of the proceeds thereof, and the land was sold subject to such lease. Darneal harvested the fruit and some hay, sold the same, and accounted to Wells, but withheld from the plaintiffs their share, alleged to be the sum sued for. By the terms and conditions of the contract of sale the vendees of the land, plain-

tiffs herein, agreed to pay the sum of $6,750 for the land with interest on deferred payments at the rate of seven and one-half per cent per annum. In substance the agreement provided for the payment of two hundred dollars cash in advance, balance of interest payable September 1, 1912. All interest thereafter was payable in advance on the first day of September of each year, $250 on the principal September 1, 1913, and a like amount each year thereafter until a certain amount was paid, when a new arrangement or agreement was to be made. As part of the terms of the contract and as further security for the payments stipulated for, it was provided that plaintiffs should execute to the defendant Wells a mortgage on the crops raised on the premises, said mortgage to cover one-half of the crops for the year 1912, and to extend to all of the crops raised during certain succeeding years. In conformity with this clause of the contract a crop mortgage was executed by plaintiff in favor of defendant Wells. At or about the time specified for the first payment under the contract, on September 1, 1912, defendant Wells became dissatisfied with the contract, and the record shows that he endeavored to avoid carrying out its terms; in fact, it is fairly manifest that he concluded to treat the contract as at an end so far as he was concerned, and from that time on he managed the property as his own, confusing the crops with those raised on his home place. As further evidence of this fact he endeavored to evade a tender due from the purchasers, who thereupon deposited the same to his credit in the Union National Bank of Fresno. In addition to this it is in evidence that Wells expressly declared that he considered the contract at an end.

Defendant seeks to escape liability for the performance of the contract on the following grounds: (1) It is their claim that it was the duty of the plaintiffs to care for and protect the growing crops, and that they having neglected so to do, the defendant was compelled to install a pumping plant and to furnish trays and sweat-boxes, and market the products at his own expense; (2) Because of the fact that the mortgage was given to cover the whole balance of the purchase price due under the contract of sale, that the vendor was entitled to retain all the sums received from the sale of the fruit, and apply them on the contract.

With reference to the first contention it is sufficient to say that the trial court found upon conflicting evidence that no boxes or trays were ever furnished by defendant, and that no pumping plant was ever installed or was ever needed to protect the crops. This finding is amply supported by the evidence, and under the familiar rule cannot be disturbed on appeal.

Equally untenable is the second contention. In the very terms of the contract of sale the amount to become due thereunder was definitely provided for. The mere fact that the crop mortgage was given as security for the full amount due under the contract does not thereby qualify the express terms of the contract in this respect. These two instruments were made at the same time and depended upon each other, and were in effect one contract. From a reading of the two instruments it is clearly manifest that the intention of the parties was to have the profits of the land insure the payments due under the contract according to the terms provided for therein, and these payments were specific amounts at specified times.

No other questions are presented.

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1916. Shaw, J., dissented from the order denying a hearing in the supreme court.